WINTER

*v.*

SOUTHERN LOAN & INVESTMENT CO.

(*Supreme Court of Appeals of Virginia, Jan. 14, 1897.*)

[26 S. E. Rep. 507.]

**Contract of Employment—Implied Agreement—Case at Bar.**

Where an employee's compensation in addition to his regular salary is conditioned on the event only that there are sold specific bonds in excess of a certain amount, there is no implied agreement that his employer will put the bonds on the market.

Appeal from the circuit court of city of Richmond.

Action by one Winter against the Southern Loan & Investment Company on a contract of employment. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

*P. A. L. Smith,* for appellant.

*T. N. Carter* and *Leake & Carter,* for appellee.

HARRISON, J., delivered the opinion of the court.

The court is of opinion that the demurrer was properly sustained in this case.

The contract relied on is filed with the declaration, and made part thereof, and there is nothing in its terms tending, by implication or otherwise, to support the claim asserted by the plaintiff.

The contract shows that the plaintiff was employed as the general manager of the defendant company, at a salary of $100 per month, and provides for an additional compensation of $316.66⅔ per month in the event, and only in the event, that there is sold bonds of the Howard's Grove Development Company in excess of $15,000. There is no agreement that the defendant would certainly sell, or furnish for sale, these bonds, nor can such an agreement be inferred from anything in the contract. On the contrary, it appears that issuing the bonds and putting them upon the market was a matter entirely within the discretion of the defendant, to be determined with reference to its interests alone. It is alleged in the declaration that the bonds were not furnished for sale because it was not to the interest of the defendant to sell them. There being no right in the plaintiff, under the contract sued on, to require the bonds to be furnished for sale, he cannot rely upon the failure of the defendant to put them on the market, as entitling him to recover in this action the additional salary provided for, which was to be paid only in the event that the bonds were sold.

There is no error in the judgment complained of, and it is affirmed.